# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

GARY RUSSELL,                          )
                                       )
    Petitioner,        )   C. C. A. NO. 02C01-9712-CC-00475
                                       )
vs.                                    )   MADISON COUNTY
                                       )
STATE OF TENNESSEE,                    )   No. C96-362
                                       )
    Respondent.        )

**FILED**

**August 31, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment in this case in accordance with Rule 20, Rules of the Court of Criminal Appeals. The record has been filed and the petitioner, by and through counsel, has filed his brief.

This case represents an appeal from the trial court's denial of the petitioner's post-conviction petition.[1] The petitioner is challenging the sufficiency of the indictment. Specifically, the petitioner claims the indictment charging him with aggravated sexual battery is void because it fails to allege the requisite mens rea.[2] In Kimmel v. State, No. 02C01-9701-CR-00006 (Tenn. Crim. App., Jan. 12, 1998), faced with this very issue, this Court held that the indictment was constitutionally and statutorily sufficient to support the conviction.

Accordingly, having reviewed the petitioner's brief in light of the entire record on appeal, we find that the trial court did not err by dismissing the petition. It is, therefore, ORDERED that the state's motion is granted and the judgment of the trial

---

[1] After he filed his petition for post-conviction relief, the petitioner filed what is styled "amended petition for a writ of habeas corpus." The issue raised in this pleading is the same as in the post-conviction petition. The trial court's order denying relief, however, does not distinguish between the two pleadings. Regardless, the petition for writ of habeas corpus was filed in the wrong court, see T.C.A. § 29-21-105, and, therefore, would otherwise have been dismissed.

[2] The indictment reads, in pertinent part: "by the use of force did unlawfully engage in sexual conduct with [the victim] and cause bodily injury to [the victim]."

court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
DAVID G. HAYES, JUDGE


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE